**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Sonja Schroeder, *et al.*, | No. CV-17-01301-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Megan J Brennan, | |
| Defendant. | |

At issue is Defendant's Motion for Partial Dismissal (Doc. 9), to which Plaintiffs have filed a Response in opposition (Doc. 14), and in support of which Defendant has filed a Reply. (Doc. 17.) The Court concludes that oral argument, although requested by one of the parties, would not assist in its resolution of this Motion. LRCiv. 7.2(f).

The Complaint in this matter comprises two counts: 1) a hostile work environment employment discrimination claim under 42 U.S.C. § 2000e, *et seq.*, brought by Plaintiff Schroeder alone; and 2) a retaliation claim pursuant to the same statutory scheme, brought by both Plaintiffs Schroeder and Walker. (Compl., Doc. 1 at 5-6.) The Motion here seeks only dismissal of Plaintiff Schroeder's hostile work environment claim. The Court thus will restrict its discussion of facts, allegations, procedural history and posture to those that are relevant to Count One.

**I.　Factual Background and Procedural History**

Plaintiff Schroeder has worked for the United States Postal Service ("USPS") since at least February 2013. From that time through 2016, she was supervised at the

Peoria Main Post Office facility by Mr. Lynn McLuty, with whom Plaintiff alleges many difficulties. On December 17, 2015, Plaintiff made an informal complaint to USPS management of a hostile work environment. She alleges that no timely investigation of her complaint occurred and no remedial measures were taken by USPS or then-manager of the Peoria facility, Albert Zavala. As time passed, Plaintiff continued to experience issues with McLuty. Having heard nothing on her internal complaint, Plaintiff filed a formal complaint with USPS's Equal Employment Opportunity office on July 8, 2016.[1]

In her formal EEO complaint, where the USPS EEO office asks complainants to "[e]xplain the specific actions(s) or situations(s) that resulted in [their] alleging that [they] were discriminated against [because of their] sex," Plaintiff listed three such actions or situations, including the one at issue here:

> On 12/17/15 was physically injured by supervisor McLarty at work; then reported/initiated Hostile Work Environment complaint which was never acted upon or investigated by USPS, including [sic] Zuavala.

(Doc. 9 Ex. 1-A at 1.) USPS's EEO office sent Plaintiff a letter of Partial Acceptance/Partial Dismissal of Formal EEO Complaint on August 3, 2016. Among the issues USPS EEO notified Plaintiff it had accepted from her complaint was that

> [a]s of March 25, 2016, [Plaintiff] had not been advised of the results of management's inquiry into [her] hostile work environment complaint from December 17, 2015.

(Doc. 9 Ex. 1-B at 2.) In the letter, USPS EEO advised Plaintiff that if she "did not agree with the defined accepted issues," she must provide a written response "specifying the nature of [her] disagreement" within seven days of receipt of the letter. (Doc. 9 Ex. 1-B at 2.) Plaintiff did not provide a response.

---

[1] The Court notes that this matter, and therefore this Order, encompasses three distinct uses of the word "complaint": the informal internal complaint Plaintiff alleges she made to her USPS management structure at the Peoria facility in December 2015; the formal complaint of discrimination and retaliation she made to the USPS EEO office in July 2016, which is the prerequisite for bringing a later action in under Title VII in the District Court; and the Complaint filed in this Court to institute the instant matter. The Court has tried to consistently distinguish between the three documents at issue by referring to them, respectively, as the "informal complaint," the "formal EEO complaint," and the "Complaint."

On February 2, 2017, USPS EEO issued its Final Agency Decision on Plaintiff's formal EEO complaint, finding no discrimination as to the accepted claims. (Doc. 9 Ex. 1-C.) The agency's analysis on the claim at issue did not address the hostile work environment claim; rather it focused exclusively on management's failure to advise Plaintiff of the results of its inquiry into her prior informal claim. (Doc. 9 Ex. 1-C at 8-9.) The Decision advised Plaintiff of her right to appeal to the Equal Employment Opportunity Commission or to bring an action to this Court. (Doc. 9 Ex. 1-C at 17.)

Plaintiff timely brought this action on May 2. In support of her hostile work environment claim in Count One, Plaintiff Schroeder alleges in the Complaint that during a three-year period from 2013 to 2016,

> she was repeatedly subjected to gender offense terms and comments during working hours and on Postal Service premises. Offensive words used by [Plaintiff's supervisor] McLuty included but were not limited to: "pussy", "fucking ridiculous", "you don't have any balls", "submissive" to communicate his belief that women are subordinate to males, "talking bitches", "bitch", commented on her clothing and the size of his penis. Comments of this type occurred during 2013 and continued until [Plaintiff's supervisor] was removed from the Peoria Main Post Office.

(Compl. at 2-3.) Plaintiff relies on the above allegations to demonstrate a series of separate acts over time that would collectively constitute the unlawful employment practice of maintaining a hostile work environment.

Defendant seeks to dismiss the hostile work environment claim in Count One on the grounds that Plaintiff Schroeder failed to exhaust her administrative remedies as required under Title VII with regard to this claim by failing to raise it – or any of the facts listed above in support of it – in her EEO complaint to the USPS.

**II. Analysis**

Before a federal employee pursues an employment discrimination claim under Title VII in federal court, she first must exhaust all administrative remedies according to applicable statutory provisions. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833 (1976).

Here, that exhaustion requires filing a timely complaint of discrimination with the USPS EEO. *Leorna v. United States Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997). And the formal complaint made to EEO must substantially encompass the matter claimed in the judicial Complaint. *See Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003). As Defendant notes in her Motion to Dismiss, the jurisdictional scope of the action a plaintiff may bring in this Court "depends on the scope of the EEOC charge and investigation. The specific claims made in district court must be presented to the EEOC." *Id.* (internal citations omitted). As a result, discrimination allegations that are not brought in the EEO complaint will not stand in this Court. *Id*. This makes sense: the purposes of the exhaustion requirement are 1) to allow EEO to serve its role of both counselling and investigating specific claims; 2) putting parties on notice of specific claims; and 3) narrowing issues for prompt adjudication. *See Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001).

The question for the Court is whether Plaintiff Schroeder's mention of the term "hostile work environment" in her formal EEO complaint constitutes exhaustion of her hostile work environment claim before the USPS EEO office. Plaintiff argues that simply using the term is enough to encompass the claim, and thus to substantially comply with the exhaustion requirement. Defendant counters that mere mention is insufficient, especially where the point of Plaintiff's claim before the EEO is not a hostile work environment. A review of the actual claim language Plaintiff used in her formal EEO complaint leads the Court to agree with Defendant. Plaintiff states in the relevant claim that she wishes USPS EEO office to investigate, for possible discrimination, the following incident: that she "reported/initiated Hostile Work Environment complaint which was never acted upon or investigated by USPS, including [Zavala]."

This is not a description of a hostile work environment claim. It states no pattern or series of acts that could constitute a hostile work environment under applicable law. And it includes none of the specifics that appear in Plaintiff's Complaint to this Court to outline a recurring course of acts over time—no mention of Plaintiff being subjected to

gender-offensive terms, and no recounting of comments made to her about her clothing or statements about the size of her supervisor's penis. Rather, it complains only of a failure to investigate a prior complaint of a hostile work environment. In other words, the gravamen of the formal EEO claim was the Postal Service's lack of responsiveness to her prior complaint. That is the claim that is exhausted.

Plaintiff correctly notes that the Court has jurisdiction over each discrimination charge that is "like or reasonably related to" the claims in the formal EEO complaint or "that fall within the EEOC investigation which can reasonably be expected to grow out of" the EEO charge. *Sosa v. Hiroaka*, 920 F.2d 1451, 1456 (9th Cir. 1990). But the Court rejects the argument that her hostile work environment claim in the Complaint is either like or reasonably related to her claim in the EEO complaint as to USPS's non-responsiveness to her prior informal complaint. Similarly, the Court does not find that, where an employee makes an expressly delineated EEO claim that management failed to investigate or address a prior complaint, an EEO investigation of that original complaint reasonably can be expected to grow out of a failure-to-address claim. This is particularly true where, as here, Plaintiff did not provide the EEO investigators, through her formal EEO complaint, any of the specifics of the acts claimed to constitute the hostile work environment.

Even assuming *arguendo* that Plaintiff intended her claim to be one of a hostile work environment, it would have been clear to her that USPS EEO did not so interpret her claim when she and her counsel received the letter of Partial Acceptance/Partial Dismissal of Formal EEO Complaint—a misinterpretation she was obligated to correct. Plaintiff argues in her response that she had no duty to clarify what her claim was in the event USPS EEO misconstrued it: "That the final agency decision did not include any hostile work environment analysis is of no consequence. Ms. Schroeder is not responsible for drafting the final agency analysis or its contents." (Doc. 14 at 2.) This is simply incorrect. While it may be true that Plaintiff is not responsible for drafting the agency decision, she is responsible for making sure the agency is aware of her specific claim.

The letter of Partial Acceptance/Partial Dismissal of EEO Complaint made clear that USPS EEO viewed the claim in question which it accepted for investigation as a failure to provide results of USPS management's inquiry Plaintiff's prior informal complaint of hostile work environment, not as her re-raising in substance that hostile work environment claim. The letter went on to make clear that if Plaintiff disagreed with any aspect of that accepted claim, she had to timely set forth in writing "the nature of [her] disagreement" of the "defined accepted issue." This requirement exists precisely to fulfill the purpose of the EEO investigative requirement: if the agency does not know what the employee's precise claim is, it has no opportunity to counsel or properly investigate that claim. Plaintiff thus had clear notice the EEO office viewed her claim as something other than a hostile work environment claim in substance. Yet she did not inform EEO she disagreed with their framing or apprehension of what the claim or issue was. She therefore did not exhaust the claim with EEO.

**IT IS ORDERED** granting Defendant's Partial Motion to Dismiss (Doc. 9).

**IT IS FURTHER ORDERED** dismissing Plaintiff's hostile work environment claim in Count One of the Complaint. Discovery shall continue as to the retaliation claim embodied in Count Two of the Complaint according to the scheduling Order set forth in this matter.

Dated this 4th day of December, 2017.

Honorable John J. Tuchi
United States District Judge